**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**TYRON L. HARDAWAY,**

        **Plaintiff,**

      **v.**                           **CASE NO. 11-3059-SAC**

**STATE OF KANSAS,
et al.,**

        **Defendants.**

**MEMORANDUM AND ORDER**

This civil complaint, 42 U.S.C. § 1983, was filed pro se by a former prison inmate currently residing in Hutchinson, Kansas. As a matter of factual background, the court takes judicial notice of the case file in <u>Hardaway v. McKune</u>, No. 03-3438-MLB. In that petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, Mr. Hardaway challenged his state conviction by a jury of rape, for which he was sentenced in 1997 to prison for 146 months. In 1999, his conviction was affirmed by the Kansas Court of Appeals (KCA), and review was denied by the Kansas Supreme and the United States Supreme Court in 2000. Petitioner pursued other state post-conviction remedies that were denied and affirmed by the KCA, and review was denied by the Kansas Supreme Court in 2003. His federal habeas petition was denied in 2004, and his request for a Certificate of Appealability was denied by the Tenth Circuit Court of Appeals and that appeal was dismissed in 2005.

Plaintiff names as defendants Judge Richard B. Walker, a district court judge in McPherson County, Kansas; County Attorney Tyrus Kauffman; and Deputy Attorney General J.S. Magg. The court assumes that defendants Walker and Kauffman were involved in Mr.

Hardaway's prosecution for rape in McPherson County. Plaintiff claims that defendants Walker and Kauffman selectively prosecuted him based upon his race. He claims that defendant Walker withheld information, committed perjury in "briefs and opinions" to "mislead the Kansas appellate courts," and created procedural hurdles to keep plaintiff's claims from being heard. He also claims that Judge Walker refused to hold a hearing "when he was threatened to be killed by the KKK." Plaintiff claims that defendant Kauffman violated his rights by intentionally putting false statements in "it's brief, committing perjury, in effort to mislead the appellate courts." Mr. Jones does not specify what relief he seeks in this action.

**MOTION TO PROCEED WITHOUT FEES**

Plaintiff has filed a motion to proceed in forma pauperis (IFP), but has not submitted an affidavit in support of his motion that includes "a statement of all assets (he) possesses" and that actually indicates he is unable to pay the fees. Plaintiff must submit financial information to support his IFP motion or his motion may be denied.

It is within the court's discretion whether or not to authorize commencement and prosecution of a civil lawsuit without prepayment of fees. 28 U.S.C. § 1915(a)(1); Lewis v. Center Market, 378 Fed.Appx. 780, 784 (10th Cir. 2010)(unpublished, cited as persuasive authority only)(citing 28 U.S.C. § 1915(a)). "[A] plaintiff seeking to proceed IFP before the district court" must not only show "a financial inability to pay the required filing fees," but the existence of a reasoned, nonfrivolous argument on the law and the

2

facts in support of the issues raised in the action" as well. Lewis, 378 Fed.Appx. at 785 (citing Lister v. Dep't of Treasury, 408 F.3d 1309, 1312 (10th Cir. 2005)). The district court may deny IFP status when the claims the plaintiff seeks to assert either fail to state a claim upon which relief can be granted or are frivolous.[1] See Lewis, 378 Fed.Appx. at 786 (citing see 28 U.S.C. § 1915(e)(2)(B)). It has reasonably been held that a person should not be allowed to proceed IFP if his or her complaint is "so lacking in specific facts that the court must invent factual scenarios which cannot be inferred from the pleadings." See Luedtke v. Gudmanson, 971 F.Supp. 1263 (E.D. Wisc. 1997)(citing Smith-Bey v. Hospital Administrator, 841 F.2d 751, 758 (7th Cir. 1988)).

**SCREENING**

Because plaintiff seeks to proceed IFP, the litigation process begins with the court screening his complaint. See Lister, 408 F.3d at 1312 (Section 1915(a) applies to all persons applying for IFP status, and not just to prisoners despite use of the phrase "prisoner possesses," and 28 U.S.C. § 1915(e)(2)(B) requires a district court to dismiss the complaint of a party proceeding IFP whenever the court determines that the action is "'frivolous or

---

[1] The Tenth Circuit discussed screening standards in Lewis:

The Supreme Court recently held:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.

Id. at 787.

malicious [or] fails to state a claim on which relief may be granted;' or makes a claim for monetary relief from an immune party."); see also McGore v. Wrigglesworth, 114 F.3d 601, 608 (6th Cir. 1997)(In contrast to 28 U.S.C. § 1915A, § 1915(e) is not restricted to actions brought by prisoners), *overruled on other grounds by* Jones v. Bock, 549 U.S. 199 (2007)); Lopez v. Smith, 203 F.3d 1122, 1126 (9th Cir. 2000)(Although in forma pauperis provisions in the PLRA were intended to cut down on prisoner lawsuits, § 1915(e) applies to all IFP complaints, not just those filed by prisoners.).[2] Section 1915 is entitled "Proceedings in forma pauperis." In contrast to § 1915A, which expressly applies only to actions filed by prisoner litigants, § 1915(e)(2) does not contain language indicating that it only applies to actions filed by prisoners. The Tenth Circuit has frequently cited 28 U.S.C. § 1915(e)(2)(B) when dismissing litigants' claims as frivolous, even where the litigants were not prisoners within the meaning of the PLRA. See e.g., Merryfield v. Jordan, 584 F.3d 923, 926 (10th Cir. 2009)(affirming dismissal of nonprisoner's complaint as frivolous and as stating no claim for relief, pursuant to 28 U.S.C. §

---

[2] The Ninth Circuit Court of Appeals explained in Lopez:

> The PLRA contains several provisions that require district courts to screen lawsuits filed by prisoners and to dismiss those suits sua sponte under certain circumstances. Among these provisions is section 804(a)(5), which is codified as part of the in forma pauperis statute at 28 U.S.C. § 1915(e)(2). The other provisions are codified at 28 U.S.C. § 1915A and 42 U.S.C. § 1997e(c). While section 1915(e) applies to all in forma pauperis complaints, section 1915A applies only to actions in which a prisoner seeks redress from a governmental entity or employee. Section 1997e(c) applies to prisoner complaints specifically challenging prison conditions. All three of the provisions direct district courts to dismiss a complaint that fails to state a claim upon which relief may be granted.

Id.

1915(e)(2)(B)(i) and (ii)); Ruston v. Church of Jesus Christ of Latter-Day Saints, 304 Fed.Appx. 666 (10th Cir. 2008)(§ 1915(e)(2)(B) dismissal of non-prisoner's frivolous complaint)(citing cases)(unpublished opinions not cited as binding precedent but for persuasive value, Fed.R.App.P. 32.1 and 10th Cir.R. 32.1); Lewis, 378 Fed.Appx. at 785 (dismissal of non-prisoner's civil lawsuits under § 1915(e)(2)(A) affirmed); Jamison v. Costco Wholesale, 280 Fed.Appx. 738 (10th Cir. 2008)(dismissing non-prisoner complaint under Americans with Disabilities Act under § 1915); Hafen v. Carter, 274 Fed.Appx. 701 (10th Cir. 2008); Azubuko v. New Hampshire, 175 Fed.Appx. 975 (10th Cir. 2006); see also Michau v. Charleston County, S.C., 434 F.3d 725, 728 (4th Cir.), cert. denied, 548 U.S. 910 (2006)(affirming the district court's dismissal of two complaints pursuant to § 1915(e)(2)(B), even though the plaintiff was not a prisoner, because the plaintiff was proceeding in forma pauperis); Lopez, 203 F.3d at 1129; Kane v. Lancaster County Dept. of Corrections, 960 F.Supp. 219, 221-22 (D.Neb. 1997)(interpreting 28 U.S.C. § 1915(e)(2)(B)(i) "to authorize preanswer screening of nonprisoner in forma pauperis complaints for the purpose of deciding whether the complaint is frivolous or malicious"). Accordingly, the fact that plaintiff filed his action while a non-prisoner does not prevent this court from performing a § 1915(e)(2) analysis. Having screened the materials filed by plaintiff, the court concludes that the complaint should be dismissed for reasons that follow.

**FAILURE TO STATE SUFFICIENT FACTS AND IMMUNITY**

Plaintiff's claims against Judge Walker are subject to being dismissed for two reasons. First, he alleges no facts whatsoever to support any of his claims against this defendant. Plaintiff must allege facts, including dates and circumstances, and describe acts taken by each defendant. Mr. Hardaway's allegations are nothing more than conclusory statements, which are not sufficient to state a claim.

In any event, judges are absolutely immune from liability for damages in civil rights suits based upon actions taken in their judicial capacity. See Mireles v. Waco, 502 U.S. 9, 11-12 (1991); Stump v. Sparkman, 435 U.S. 349, 356-57 (1978); Hunt v. Bennett, 17 F.3d 1263, 1266-67 (10th Cir. 1994). It appears that plaintiff is attempting to sue Judge Walker for damages based upon actions taken by the judge while he presided over plaintiff's state criminal proceedings. If that is plaintiff's intent, then this action is frivolous and must be dismissed under 28 U.S.C. § 1915(e)(2)(B)(iii) as seeking monetary relief from a defendant who is immune from such relief.

The same is true as to defendant County Attorney Kauffman. No facts are alleged to support any of plaintiff's claims against this defendant. Furthermore, a prosecutor is also immune to suit for money damages for actions taken within the scope of his duties in prosecuting a criminal case. Imbler v. Pachtman, 424 U.S. 409, 418-19 (1976)(A prosecutor, acting within the scope of her duties in initiating and prosecuting a case, has absolute immunity from liability for damages under § 1983); Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993)("[A]cts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which

occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity."); Hunt, 17 F.3d at 1267.

Plaintiff's claim against J.S. Magg, if any, is subject to dismissal for the reason that he does not state one allegation of fact as to any actions by defendant Magg.

**STATUTE OF LIMITATIONS**

Moreover, it plainly appears from the face of the complaint that most if not all of plaintiff's claims are barred by the applicable statute of limitations. The statute of limitations applicable to § 1983 actions is determined by looking at the appropriate state statute of limitations and governing tolling principles. See Hardin v. Straub, 490 U.S. 536, 539 (1989). "The forum state's statute of limitations for personal injury actions governs civil rights claims under both 42 U.S.C. § 1981 and § 1983." Brown v. Unified School Dist. 501, Topeka Public Schools, 465 F.3d 1184, 1188 (10th Cir. 2006); Roberts v. Barreras, 484 F.3d 1236, 1238 (10th Cir. 2007); see United States v. Kubrick, 444 U.S. 111, 120 (1979)("[An] action brought pursuant to 42 U.S.C. § 1983, is subject to the statute of limitations of the general personal injury statute in the state where the action arose."). In Kansas, that is the two-year statute of limitations in K.S.A. § 60-513(a). Brown, 465 F.3d at 1188; Johnson v. Johnson County Comm'n Bd., 925 F.2d 1299, 1301 (10th Cir. 1991). Thus, the statute of limitations for a § 1983 action in Kansas is two years. While state law governs the length of the limitations period and tolling issues, "the accrual

date of a § 1983 cause of action is a question of federal law." Wallace v. Kato, 549 U.S. 384, 388 (2007); Fratus v. DeLand, 49 F.3d 673, 675 (10th Cir. 1995). Under federal law, the claim accrues "when the plaintiff has a complete and present cause of action." Id. In other words, "[a] § 1983 action accrues when facts that would support a cause of action are or should be apparent." Fogle v. Pierson, 435 F.3d 1252, 1258 (10th Cir. 2006)(internal quotation marks and citation omitted); see Thorpe v. Ancell, 367 Fed.Appx. 914, (10th Cir. 2010)(unpublished, cited as persuasive authority only). A district court may dismiss a complaint filed by an IFP plaintiff if it is patently clear from the allegations as tendered that the action is barred by the statute of limitations. Fogle, 435 F.3d at 1258-59 (citing Jones v. Bock, 549 U.S. 199, 214 (2007)), cert. denied, 549 U.S. 1059 (2007); see Fratus, 49 F.3d at 674-75 (district court may consider affirmative defenses sua sponte when the defense is obvious from the face of the complaint.).

Mr. Hardaway's state criminal proceedings were concluded before 2003, and his state post-conviction proceedings were concluded in 2003. It is thus obvious that any events or acts of defendants taken in connection with his state prosecution occurred prior to 2003. Plaintiff's cause of action thus accrued sometime in 2003 or before, and the two-year statute of limitations began running under Kansas law at that time. It follows that if, as the court assumes, plaintiff is attempting to sue defendants based upon actions taken by each of them in connection with his state prosecution, those claims are time-barred. The statute of limitations has expired with respect to any events that occurred more than two years prior to the filing of Mr. Hardaway's complaint in March 2011. In other words,

he may not sue upon claims based on events that took place prior to March 8, 2009. Plaintiff has not alleged facts suggesting that he would be entitled to statutory or equitable tolling. He will be given time to show cause why these claims should not be dismissed as barred by the applicable statute of limitations.

**HABEAS CORPUS CLAIMS**

To the extent that Mr. Hardaway may be seeking a judgment invalidating his state conviction for rape, a habeas corpus petition is the appropriate remedy. However, it appears that he has been released and is no longer in custody by reason of that conviction. If he does not meet the "in custody" requirement, he cannot challenge his conviction in a habeas corpus action. Even if he can establish that he is still in custody on the rape conviction, any challenge to that conviction would be "second and successive," since he already litigated a § 2254 habeas corpus petition on this conviction. This means that he must obtain authorization from the Tenth Circuit Court of Appeals before he may file another § 2254 petition in federal district court.

Mr. Hardaway shall be given time to show cause why this action should not be dismissed for the reasons stated herein, including that he fails to state facts sufficient to support a federal constitutional claim, his allegations are legally frivolous, and his claims are barred by the statute of limitations. If he fails to adequately respond within the time allotted, this action may be dismissed without further notice.

**OTHER MOTIONS**

Plaintiff has also filed a Motion for Appointment of Counsel (Doc. 3), a "Motion for Hearing With Grand Jury" (Doc. 4), a "Motion to Supena (sic)" (Doc. 5), and a Motion requesting that President Obama authorize U.S. Attorney General (USAG) Eric Holder to represent him in this case (Doc. 6).

Plaintiff's Motion for Appointment of Counsel is denied. There is no constitutional right to appointment of counsel in a federal civil rights lawsuit. The complaint is deficient, and appointment of counsel at this juncture appears to be unwarranted. Plaintiff's motion requesting that President Obama authorize USAG Holder to represent him in this case is frivolous and is denied. The court cannot rule on requests to President Obama. Plaintiff's Motion for a grand jury hearing is also denied. Mr. Hardaway presents no factual or legal basis for this court to order a grand jury hearing. Plaintiff seeks to subpoena the following "witnesses" to show that defendants committed perjury and selectively prosecuted him: President Obama, U.S. Senator Lehey, a U.S. Representative Issa, Mr. Myles "with the Wichita NAACP," defendant Walker and defendant Magg. Unless plaintiff can show that this action should not be dismissed for the reasons stated herein, the action will be dismissed. His motion to subpoena witnesses is thus premature. Moreover, he alleges no facts showing that the named persons, other than defendants, could provide any relevant information.

**IT IS THEREFORE ORDERED** that plaintiff is given thirty (30) days in which to submit an appropriate affidavit in support of his motion for leave to proceed in forma pauperis and to show cause why

this action should not be dismissed for the reasons stated herein.

**IT IS FURTHER ORDERED** that plaintiff's Motion for Appointment of Counsel (Doc. 3), Motion for Hearing With Grand Jury (Doc. 4), Motion to Subpoena (Doc. 5), and Motion requesting that President Obama authorize USAG Holder to represent him (Doc. 6) are denied.

**IT IS FURTHER ORDERED** that plaintiff is required to specify what relief he seeks from the court in this action.

The clerk is directed to send plaintiff forms for an IFP motion filed by a non-prisoner.

**IT IS SO ORDERED.**

Dated this 18th day of April, 2011, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge