IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


TYRON L. HARDAWAY,

                        Petitioner,

            v.                         CASE NO.  11-3059-SAC

STATE OF KANSAS,
et al.,

                        Respondents.

                        O R D E R

        This civil action was filed under 42 U.S.C. § 1983 by a
former prison inmate.  The court screened the pro se complaint and
entered a Memorandum and Order that set forth deficiencies in the
complaint.  Mr. Hardaway was granted time to take certain actions,
which included show cause why his complaint should not be dismissed
for the reasons stated in the court's screening order.  Hardaway
thereafter filed a Motion to Stay, which the court treated as a
motion for extension of time, and he was granted an additional 90
days in which to respond to the screening order.  The matter is now
before the court upon Hardaway's second Motion to Stay (Doc. 12),
and his Motion for Appointment of Counsel (Doc. 13).  Having
considered all materials submitted by Mr. Hardaway, the court finds
that he intended to file a habeas corpus petition rather than a
civil rights action, so that any claim conceivably presented under
42 U.S.C. § 1983 is denied without prejudice; and that his habeas
corpus claims must also be dismissed at this time, without
prejudice, because this is a second and successive application over

which this court lacks jurisdiction.[1]

**DISMISSAL OF CIVIL RIGHTS CLAIMS**

The court initially screened this as a civil rights complaint because Mr. Hardaway styled it as such and named persons as defendants.  He stated no clear grounds and no request for relief under § 1983.  In the court's screening order, it found that Mr. Hardaway's civil claims against the three individual defendants were subject to dismissal because he failed to state facts to support a constitutional claim and his claims for relief against these persons appeared to be barred by the statute of limitations.[2] In addition, the court found that his claims against defendant Judge Walker and defendant County Attorney Kauffman appeared to be based upon their involvement in his criminal prosecution, and as such were subject to being dismissed due to the absolute immunity of these defendants.  Mr. Hardaway was ordered to show cause why his civil complaint should not be dismissed for the reasons stated in the screening order.

Mr. Hardaway's statements in his pending motions and his letter addressed to the undersigned judge now plainly reveal that he intended to file a habeas corpus petition challenging his 1997 state conviction rather than a civil rights complaint.  He alleges in his two pending motions that he "just received all transcripts,"

---

[1]    The filing fee for a habeas action is $5.00, while for a civil complaint it is $350.00.  Since this matter is a habeas action, the fee for a civil complaint is not assessed.  The financial information furnished by Mr. Hardaway in response to the court's prior order indicates that he has insufficient funds and should be granted leave to proceed in forma pauperis.

[2]    The court did not discuss defendant State of Kansas.  The State and its agencies are absolutely immune to suit under § 1983.

which will allow him to provide facts to support the constitutional violations he has alleged, and that there "will be a motion filed in the 10th Cir . . . under actual innocence."  He also requests appointment of counsel to assist him in filing "the motion in the 10th Cir . . . for permission to file a second habeas corpus under actual innocence."  In addition, he argues that he is "still under restraint" because he is under parole supervision until June 2015.[3] Finally, with his most recent motion Mr. Hardaway faxed a letter addressed to the undersigned judge[4] plainly stating that he is "trying to get permission from the 10th Cir to file a second petition pursuant to 28 U.S.C. Sec. 2254" and he is "not trying to file a civil complaint under 42 U.S.C. § 1983."  The court thus concludes that Mr. Hardaway is seeking to challenge his state criminal conviction.

The court additionally concludes that Mr. Hardaway has voluntarily withdrawn any claim he may have presented herein under § 1983.  For that reason and for the reasons stated in the court's screening order the court dismisses, without prejudice, any such

---

[3]      The court expresses no opinion as to the merit of this argument.  It notes that papers faxed by petitioner included a "Motion for Acceptance of all Documents" with a certificate attached, which the clerk docketed as an attachment to petitioner's motion for appointment of counsel (Doc. 13).  The clerk will be directed to separately docket this motion and it will be granted.  The court has considered all attachments submitted by Mr. Hardaway.

[4]      Mr. Hardaway is advised that it is inappropriate to directly correspond with the judge assigned to his pending lawsuit, and that all papers pertaining to his case must have the caption and a title at the top of the first page and be submitted to the clerk of the court.  Furthermore, this letter appears to be, at least in part, a response to the court's screening order since it clarifies that Mr. Hardaway intended to file a § 2254 petition and not a § 1983 complaint.  The clerk will be directed to file this letter as petitioner's "Partial Response to Order".

claim.[5]

**DISMISSAL OF HABEAS CORPUS CLAIMS**

The court also finds that even if all or a portion of this matter is construed as a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, it must be dismissed, without prejudice, for the following reasons.

As Mr. Hardaway was plainly informed in the court's screening order, habeas corpus review of his state criminal conviction may only be sought by his filing a habeas corpus petition pursuant to 28 U.S.C. § 2254.[6] Mr. Hardaway has still not submitted a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 upon court-approved forms. Nor has he properly and adequately set forth grounds and supporting facts for relief under § 2254.

In its screening order, the court did not give Mr. Hardaway the opportunity to cure the deficiencies in a habeas corpus petition because he did not file a habeas petition. However, it did warn him that if he were to file an actual habeas corpus petition in the future, he would face two serious obstacles. First, he would have to meet the "in custody" requirement, which

---

[5] Claims for money damages or injunctive relief against state officials based upon their involvement in a criminal prosecution are also barred by Heck v. Humphrey, 512 U.S. 477, 487 (1994), wherein the U.S. Supreme Court held that in such a § 1983 suit, "the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." Id.

[6] Local court rules require that a habeas corpus petition be submitted upon forms for filing a petition under § 2254 that are provided by the clerk of the court upon request.

would be difficult given his release from confinement.  Second, since he has already litigated a § 2254 petition in federal court, he "must obtain authorization from the Tenth Circuit Court of Appeals before he may file another § 2254 petition in federal district court."

Under 28 U.S.C. § 2244(b)(3)(A), a second or successive petition for writ of habeas corpus may be filed in federal district court only if the applicant first obtains an order from the appropriate federal Court of Apeals authorizing the district court to consider the petition.  Id.  When a second habeas application is filed without the petitioner having first obtained such preauthorization, the district court lacks jurisdiction over the petition and must either dismiss the action or transfer it to the Tenth Circuit Court of Appeals for a determination as to whether or not the application may proceed in district court.

It is clear from Mr. Hardaway's statements in his motions and letter treated as his Partial Response that he did not comply with the provisions of § 2244(b), and that he filed this "application" without obtaining prior authorization from the Tenth Circuit.  As a result, this court lacks jurisdiction to address the merits of any § 2254 claim that may be raised herein.  In re Cline, 531 F.3d 1249, 1251 (10th Cir. 2008); United States v. Nelson, 465 F.3d 1145, 1148 (10th Cir. 2006).  This district court may transfer this action pursuant to 28 U.S.C. § 1631[7] to the Tenth Circuit for

---

[7]     Section 1631 provides in relevant part:

Whenever a civil action is filed . . . and [the] court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed. . . .

prior authorization if it is in the interest of justice to do so. In re Cline, 531 F.3d at 1252. However, the court determines that the interest of justice would not be served by transfer of the instant action to the Tenth Circuit Court of Appeals, and that it should be dismissed instead.   The three primary considerations governing a court's decision whether to transfer or dismiss are: (1) whether the action was in good faith filed in the wrong court; (2) whether dismissal might make it difficult for the petitioner to comply with the one-year federal limitations period; and (3) whether the claim is likely to have merit.   See id. at 1251.

        The first consideration does not support transfer in this case because the statutory requirement for prior authorization of second or successive habeas applications has been in effect for over 15 years, making it difficult for petitioner to show that the initial filing of his petition in this Court was done in good faith.   See id at 1252.   Second, a dismissal will not make it any more difficult for petitioner to comply with the applicable one-year limitations period, because it is likely to have already expired with respect to his 15-year old conviction.[8]   Third, petitioner has not adequately alleged either facts or claims from which the court might make a finding of likely merit. Finally, the likelihood that this case is time-barred leads the court to conclude that transfer of this action would raise "false hopes," and waste judicial resources on a case that is "clearly doomed."

---

Id.

        [8]     The court does not have facts before it to actually determine whether or not the statute of limitations has expired in this case, and need not and does not express an opinion as to when or if the limitations period has expired.

<u>Haugh v. Booker</u>, 210 F.3d 1147, 1150 (10th Cir. 2000).  For these reasons, the court declines to transfer this Petition to the Tenth Circuit, and finds it should be dismissed for lack of jurisdiction in accordance with § 2244(b)(3).

## MOTION FOR STAY

The court has considered Mr. Hardaway's second Motion for Stay and has obviously determined that it should be denied.  This motion is again based mainly upon reports that his 5-year old daughter is being treated for a serious illness.  While the court is concerned for Mr. Hardaway's daughter, it is not at all convinced that any legitimate purpose is served or that some significant benefit flows to Mr. Hardaway by this action being retained on the court's docket.[9]  Certainly, Mr. Hardaway has not presented any facts or arguments that establish a legal justification for granting a stay of this action.  The court is not convinced that it even has authority to grant a stay in an action over which it lacks jurisdiction.

The court repeats that Mr. Hardaway may only challenge his state criminal conviction by submitting a habeas corpus petition on court-approved § 2254 forms and may only file such a petition in this court after he has obtained authorization from the Tenth Circuit Court of Appeals.  Staying this action will not excuse Mr. Hardaway from having to satisfy these prerequisites.  Nor does the court perceive of how dismissing this action without prejudice

---

[9]    Mr. Hardaway does not seek a stay for exhaustion purposes.  However, he is reminded that before he can raise any habeas corpus claim in federal court that claim must have been presented to the courts of the state.

might impede his ability to file his habeas petition if he receives Circuit authorization.   Under either circumstance, Mr. Hardaway will still face the difficult obstacles of possible time-bar and the in-custody requirement.

## MOTION FOR APPOINTMENT OF COUNSEL

Mr. Hardaway seeks appointment of counsel to assist him in filing motions in this court and to assist him in seeking authorization from the Tenth Circuit to file a second and successive application.   There is no constitutional right to assistance of counsel, even after a state prisoner has properly initiated a federal habeas corpus proceeding.   If petitioner had submitted a proper habeas petition, this court would still lack jurisdiction to hear his habeas claims at this time due to his failure to obtain preauthorization.   It logically follows that appointment of counsel to file motions in this court is clearly not warranted.

Mr. Hardaway presents no grounds and no legal authority for this court to appoint counsel in this non-capital case to assist him in seeking authorization from the Tenth Circuit Court of Appeals to file a second and successive petition. As noted, he has yet to present any facts or grounds in his pleadings, other than the bald statement "under actual innocence," from which this court might determine that he has a potentially meritorious claim.   For these reasons, the court finds that this motion to appoint counsel must be denied.

**IT IS THEREFORE ORDERED** that plaintiff's/petitioner's

motion for leave to proceed in forma pauperis (Doc. 2) is granted.

**IT IS FURTHER ORDERED** that plaintiff's/petitioner's correspondence faxed on November 22, 2011, be docketed as his "Partial Response to Order"; and that his "Motion for Acceptance of All Documents" with Exhibit D initially attached to Doc. 13 as an exhibit be docketed as a separate motion.

**IT IS FURTHER ORDERED** that plaintiff's/petitioner's Motion for Acceptance of All Documents is granted.

**IT IS FURTHER ORDERED** that any claims in this action raised under § 1983 are dismissed, without prejudice.

**IT IS FURTHER ORDERED** that to the extent that Mr. Hardaway has presented any habeas corpus claims in this action, they are found to be "second and successive" and are dismissed, without prejudice, for lack of jurisdiction.

**IT IS FURTHER ORDERED** that plaintiff's/petitioner's motion to Stay (Doc. 12) and Motion for Appointment of Counsel (Doc. 13) are denied.

**IT IS SO ORDERED.**

Dated this 14th day of March, 2012, at Topeka, Kansas.

<u>s/Sam A. Crow</u>
U. S. Senior District Judge